NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER DEERING, | No. 22-55458 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-07447-DSF-AS |
| v. | |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 18, an employee organization; CITY OF LOS ANGELES, a public agency; ROB BONTA, in his official capacity as Attorney General of California; BRIAN D'ARCY, trustee of the Joint Safety and Training Institute; GUS CORONA, trustee of the Joint Safety and Training Institute; MARTIN MARRUFO, trustee of the Joint Safety and Training Institute; RAFAEL LOPEZ, trustee of the Joint Safety and Training Institute; MARTIN ADAMS, trustee of the Joint Safety and Training Institute; DAVID WRIGHT, trustee of the Joint Safety and Training Institute; RICHARD HARASICK, trustee of the Joint Safety and Training Institute, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 19, 2023[]
San Francisco, California

Before:  W. FLETCHER, NGUYEN, and R. NELSON, Circuit Judges.

Christopher Deering voluntarily joined the International Brotherhood of Electrical Workers Local 18 (IBEW 18), the exclusive bargaining representative for Los Angeles Department of Water and Power employees, in 2005.  After the Supreme Court decided *Janus v. American Federation of State, County, & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), he resigned from IBEW 18 and asked it to tell Los Angeles to stop deducting union dues from his paycheck. Consistent with the Memorandum of Understanding (MOU) between IBEW 18 and Los Angeles, union dues were deducted until the first paycheck after April 1st of the next year.  He is no longer being charged union dues.  The City does, however, continue to deduct fees from Deering to fund an organization called the Joint Safety and Training Institute (JSTI), an independent body created by Los Angeles and IBEW 18 jointly.  Deering raises First and Fourteenth Amendment claims against IBEW 18, Los Angeles, the California Attorney General, and the JSTI trustees.  The district court dismissed all claims.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1. Sovereign immunity bars Deering's damages claims against the Attorney General. *See Platt v. Moore*, 15 F.4th 895, 910 (9th Cir. 2021). As to prospective relief, the complaint alleges only "a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision," which does not overcome Eleventh Amendment immunity. *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (citation omitted).

2. Deering lacks standing to sue the JSTI trustees. *See Alaska Right to Life Pol. Action Comm. v. Feldman*, 504 F.3d 840, 848 (9th Cir. 2007). Deering alleges that JSTI received funds which Los Angeles deducted without his consent and uses those funds for political speech. To the extent Deering may have been injured, that injury was not caused by JSTI. The district court gave him the opportunity to amend his complaint and state an injury against JSTI, but he did not do so.

3. Los Angeles is not liable for deducting union dues under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). *Monell* liability "is contingent on a violation of constitutional rights." *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994). It will not attach to city policy if state law compels that policy. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion).

The union deductions which extended into April 2021 did not violate Deering's First Amendment rights since he voluntarily joined the union. *Belgau v.*

3

*Inslee*, 975 F.3d 940, 950 (9th Cir. 2020). Before joining, he knew there was an MOU under which he would either pay agency fees or join the union. And Deering joined the union with constructive knowledge of the MOU, even if he did not read it.

Further, Los Angeles was compelled to act by California law to rely on IBEW 18's certification that the union dues were authorized. Cal. Gov't Code § 1157.12(a). And while nothing in California law compels the unauthorized JSTI fee claim, and an amendment to the complaint could provide facts about the ways that JSTI is using the money it receives from the City of Los Angeles sufficient to support *Monell* liability against Los Angeles, the threadbare allegations against JSTI are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4. IBEW 18 did not engage in state action. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). Any harm from the union deductions is caused by the union authorization form which Deering freely signed. On similar facts, we declined to find state action under *Lugar* in *Belgau*, 975 F.3d at 946–47.

Nor is IBEW 18 a state actor under the "joint action" or "governmental nexus" tests that guide our analysis under *Lugar*'s second prong. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012). Los Angeles's transmitting dues payments to a union after an employee authorizes such deductions does not give rise to a section 1983 claim against the union under the "joint action" test. *See Belgau*,

975 F.3d at 947–49.  Similarly, Los Angeles's "ministerial processing of payroll deductions pursuant to [e]mployees' authorizations" does not create a nexus between Los Angeles and IBEW 18.  *Id.* at 947–48 & n.2.

5.  Deering's due-process claims were not sufficiently developed in the opening brief.  Parties must make arguments "specifically and distinctly . . . in [their] opening brief."  *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).  Though Deering mentions due-process concerns, he does not sufficiently present them for the panel's review.  "Arguments made in passing and inadequately briefed are waived."  *Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009).

**AFFIRMED.**